**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

EVELYN LANGTON,

                        Plaintiff,

      v.                                                    No. 10-CV-1279
                                                                (TJM/DRH)

CITY OF COHOES; COHOES POLICE
DEPARTMENT; JOHN DOE #1, Police
Officer; JOHN DOE #2, Police Officer;
SAMARITAN HOSPITAL; and EMPIRE
AMBULANCE SERVICE,

                        Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

EVELYN LANGTON
Plaintiff Pro Se
4580 West Crystal Drive
Golden Valley, Arizona 86413

LEMIRE JOHNSON, LLC                   GREGG T. JOHNSON, ESQ.
Attorney for City Defendants                JACINDA H. CONBOY, ESQ.
2534 Route 9
Post Office Box 2485
Malta, New York 12020

THUILLEZ, FORD, GOLD, BUTLER &        DEBRA J. YOUNG, ESQ.
YOUNG, LLP
Attorney for Defendant Samaritan Hospital
20 Corporate Woods Boulevard
Albany, New York 12211

GOLDBERG SEGALLA, LLP                JONATHAN M. BERNSTEIN, ESQ.
Attorney for Empire Ambulance Service
Suite 300
8 Southwoods boulevard
Albany, New York 12211

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**MEMORANDUM-DECISION AND ORDER**

Presently pending are the (1) motion of defendant Empire Ambulance Service ("Empire") for (a) leave to file an amended answer and (b) a jury trial, and (2) cross-motion of defendants City of Cohoes and the Cohoes Police Department (collectively the "City") for leave to file an amended answer. Dkt. Nos. 17, 20, 21.[1] Empire and the City oppose each other's motion to file an amended answer. Dkt. Nos. 20, 21, 23. Empire's motion for a jury trial is unopposed. For the reasons which follow, all motions are granted.

## I. Background

Plaintiff pro se Evelyn Langton ("Langton")[2] commenced this action in Albany County Supreme Court alleging that on July 7, 2009, she was forcibly taken into custody at her home in the City of Cohoes by Cohoes police officers and transported in custody by Empire to defendant Samaritan Hospital. Compl. (Dkt. No. 1-1). Langton alleges that the actions of defendants deprived her of her civil rights in violation of federal law and asserts claims under related provisions of state law. Id. The City removed the action to this Court. Dkt. No. 1. The pending motions followed.

---

[1] It appears that the City inadvertently filed duplicate cross-motions. See Dkt. Nos. 20 (Notice of Cross-Motion without supporting documents)), 21 (Notice of Cross-Motion with supporting documents).

[2] Langton was represented by retained counsel when this action was commenced. That attorney was not admitted to practice in federal court, however, and upon removal of the case to this district, the attorney declined to continue representing Langton. See docket entry dated 12/09/2010. Langton was unable to retain new counsel and has since been proceeding pro se.

## II. Discussion

### A. Motions to Amend

Empire moves for leave to file an amended answer to assert a cross-claim against the City for indemnification under its contract with the City. Dkt. No. 17. The City opposes that motion and, in the alternative, seeks leave to file its own amended answer to assert a cross-claim against Empire on a similar theory. Dkt. Nos. 20, 21.

Under Fed. R. Civ. P. 15(a), a court should grant leave to amend "freely . . . when justice so requires." A court must examine whether there has been undue delay, bad faith, or dilatory motive by the moving party. Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46 (2d Cir. 1983) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A court must also examine whether there will be prejudice to the opposing party. See, e.g., Ansam Assocs. Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (permitting proposed amendment would be especially prejudicial once discovery was completed and a summary judgment motion filed). Finally, where it appears that granting leave to amend is likely to be futile, it is not an abuse of discretion to deny leave to amend. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

Both Empire and the City contend that the other's motion is futile. Amending a complaint is futile where the proposed amendment does not cure the deficiencies in the original complaint, Acito v. Imcera Group, Inc., 47 F.3d 47, 55 (2d Cir.1995), or it would not survive a motion to dismiss. Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir.1991). Therefore, to determine whether the proposed amendment is futile, a court must apply "the same analysis as that applied on a motion to dismiss" under Fed. R. Civ. P.

12(b)(6). Stetz v. Reeher Enterprises, Inc., 70 F. Supp. 2d 119, 121 (N.D.N.Y.1999). Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.

Here, as to Empire's proposed cross-claim, the City contends that such a claim does not accrue until Empire has been found liable in and paid a judgment for which indemnification can be ordered. City Mem. of Law (Dkt. No. 21-3) at 1. In support, the City relies on a case which holds that the statute of limitations for a claim of indemnification accrues upon payment of a claim. Id. In turn, Empire opposes the City's cross-motion on the ground that the City has failed to offer any facts to support its proposed cross-claim. Bernstein Aff. (Dkt. No. 23) at ¶ 4. However, viewing the proposed cross-claims in the light most favorable to the moving party and in light of the liberal policy of Rule 15 in favor of allowing such amendments, both Empire and the City have met their burdens. Both sufficiently allege the existence of an obligation to indemnify and sufficient facts to give the opposing party reasonable notice of the basis for the claim. Accordingly, both Empire's motion and the City's cross-motion are granted.

## B. Jury Trial

Empire further moves for a jury trial. Dkt. No. 17. It appears that Empire filed its answer before this action was removed to federal court and that in accordance with state court practice, omitted such a demand from its answer. Accordingly, for good cause shown and without objection from any party, Empire's motion for a jury trial is granted.

### III. Conclusion

For the reasons stated above, it is hereby **ORDERED** that:

1. Empire's motion (Dkt. No. 17) for:

    A. Leave to file an amended answer to assert a claim for indemnification against the City is **GRANTED** and Empire shall file such amended answer on or before **May 27, 2011**; and

    B. A jury trial is **GRANTED**; and

2. The City's cross-motion for leave to file an amended answer to assert a cross-claim for indemnification against Empire (Dkt. Nos. 20, 21) is **GRANTED** and the City shall file such amended answer on or before **May 27, 2011**.

**IT IS SO ORDERED.**

DATED: May 18, 2011
        Albany, New York

_David R. Homer_
United States Magistrate Judge